*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* STARR EUBANK.

CAROL CHOATE,

      Petitioner-Appellee,

v

STARR EUBANK,

      Respondent-Appellant.

UNPUBLISHED
January 27, 2022

No.  357155
Washtenaw Probate Court
LC No.  21-000289-MI

Before:  SAWYER, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

In this civil commitment action, respondent appeals as of right the probate court's order requiring respondent to receive mental health treatment under the Mental Health Code, MCL 330.1001 *et seq*.  We affirm.

## I. FACTUAL BACKGROUND

On April 25, 2021, respondent contacted authorities to begin some sort of investigation at the hotel where she was staying.[1]  Law enforcement officers discovered respondent outside the hotel wearing only a towel, and she claimed she was working "undercover" for the Federal Bureau of Investigation (FBI) as part of a sex-trafficking ring.  Officers took respondent to the hospital, where a psychiatrist and a physician each diagnosed respondent with psychosis.  Petitioner, a social worker at the hospital, petitioned the probate court, asserting that respondent was a person requiring treatment under the Mental Health Code.  Respondent initially deferred the commitment hearing for treatment, but subsequently stopped complying with her prescribed treatment and demanded a hearing.  Respondent stated that she decided to discontinue her treatment at the

---

[1] It is unclear precisely what respondent wanted investigated.

hospital because she only deferred in order to be evaluated and establish that she did not have any psychiatric issues.

Dr. Fatin Nahi, one of respondent's attending psychiatrists at the hospital, testified that respondent took an antipsychotic medication for the first few days of her treatment, but respondent stopped taking the medication because she believed it would suppress her immune system and affect her other health conditions. Respondent testified she typically used cannabis to control her health conditions and only relied on the pharmaceuticals prescribed to her at the hospital because she ran out of cannabis. According to respondent, Dr. Nahi disregarded her requests for alternative, nonpharmaceutical medicines and her concern that the prescribed medication would affect her other health conditions. Respondent also asserted that she suffered side effects from the prescribed medication. Dr. Nahi testified, however, that respondent's condition could be monitored and any side effects from the medication could be addressed if they arose. Notwithstanding her discontinuation of the treatment, respondent testified she entirely complied with the doctors' recommended treatment and she would continue outpatient treatment if she were discharged. Based on her assessment of respondent, however, Dr. Nahi testified that respondent's judgment was so impaired by her psychosis that she did not agree she had a mental illness and was unable to understand her need for treatment. Dr. Nahi also asserted that it could reasonably be expected that respondent would seriously physically injure herself because she expressed a desire to be euthanized and was found outside in cold weather wearing only a towel.

The probate court found clear and convincing evidence that respondent could reasonably be expected to unintentionally seriously physically injure herself and that respondent's judgment was so impaired that she did not understand the need to balance the treatment prescribed to improve her mental health with the treatment prescribed for her medical conditions. For those reasons, the probate court concluded respondent was a person requiring treatment under MCL 330.1401(1)(a) and (c), and it ordered respondent to combined hospitalization and assisted outpatient treatment.

II. ANALYSES

Respondent argues that the probate court's findings regarding MCL 330.1401(1)(a) and (c) were not supported by clear and convincing evidence because her testimony established that she understood her need for mental health treatment and only refused to accept mental health treatment due to the negative side effects to her other health conditions. We disagree.

This court "reviews for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Tchakarova*, 328 Mich App 172, 182; 936 NW2d 863 (2019) (cleaned up). "A probate court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Id*. (cleaned up). "The probate court necessarily abuses its discretion when it makes an error of law." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (cleaned up). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *In re Tchakarova*, 328 Mich App at 182 (cleaned up). This Court "defer[s] to the probate court on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *In re Portus*, 325 Mich App at 397 (cleaned up).

"Proceedings seeking an order of involuntary mental health treatment under the Mental Health Code for an individual on the basis of mental illness . . . generally are referred to as 'civil commitment' proceedings." *Id*. at 382. Any adult may initiate civil commitment proceedings by petitioning a probate court to find that an individual is a "person requiring treatment" under the Mental Health Code. MCL 330.1434(1). In relevant part, MCL 330.1401(1) defines a "person requiring treatment" as either:

> (a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.
>
> * * *
>
> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others.

Mental illness is defined as "a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g).

"A judge or jury shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." MCL 330.1465.

> Evidence is clear and convincing if it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (cleaned up).]

Evidence may be clear and convincing even if it has been contradicted. *Id*.

We conclude that the probate court did not clearly err by finding respondent was a person requiring treatment under MCL 330.1401(1)(a). Respondent does not dispute she has a mental illness in the form of unspecified psychosis. Rather, she argues there was not clear and convincing evidence that she could reasonably be expected to intentionally or unintentionally seriously physically injure herself. According to Dr. Nahi, however, respondent expressed a desire to be euthanized when she was in the hospital, and respondent presented no evidence to refute this claim. Respondent's desire to be euthanized, coupled with the condition in which she was found—outside in the cold in only a towel—and her repeated refusal to take necessary medication, led Dr. Nahi to conclude she was at risk of injuring herself. The probate court found that Dr. Nahi's testimony presented clear and convincing evidence that respondent could reasonably have been expected to

intentionally or unintentionally seriously physically injure herself without treatment. Giving "broad deference to [the] findings made by the probate court," *In re Portus*, 325 Mich App at 397, the probate court's conclusion does not leave us with a definite and firm conviction that it made a mistake. Therefore, the probate court did not clearly err by finding, by clear and convincing evidence, that respondent was a person requiring treatment under MCL 330.1401(1)(a). See *In re Tchakarova*, 328 Mich App at 182.

The probate court also did not clearly err by finding that respondent was a person requiring treatment under MCL 330.1401(1)(c). Respondent argues there was not clear and convincing evidence that her mental illness so impaired her judgment that she lacked an understanding of the need for treatment. However, both Dr. Nahi and respondent testified that respondent refused to take the medication prescribed to treat her mental illness. Respondent contended her refusal to take the medication was out of concern for her other health issues, but Dr. Nahi indicated that any side effects could be addressed if they arose. Further, the record indicates that respondent's treating physicians altered the prescribed medication after respondent had experienced negative side effects. Moreover, despite acknowledging multiple times that she had a mental illness, respondent contended she only deferred to treatment to establish she did not have any unmet psychiatric needs, and that she could treat her condition without prescribed medication.

This Court "defer[s] to the probate court on matters of credibility," *In re Portus*, 325 Mich App at 397 (cleaned up), and evidence may be clear and convincing even if it has been contradicted, *In re Pederson*, 331 Mich App at 472. Therefore, the probate court did not err by finding Dr. Nahi's testimony regarding respondent's refusal to accept necessary treatment more convincing than respondent's testimony regarding her ability to obtain treatment on her own accord. In light of that testimony, we are not left with a definite and firm conviction the probate court made a mistake by finding there existed clear and convincing evidence that respondent's judgment was so impaired by her mental illness that she did not understand her need for treatment. Therefore, the probate court did not clearly err by finding respondent was a person requiring treatment under MCL 330.1401(1)(c). See *In re Tchakarova*, 328 Mich App at 182.

A respondent need only qualify as a person requiring treatment under one subdivision of MCL 330.1401(1) to support a probate court's order for mental health treatment. See MCL 330.1401(1) (providing three alternative ways in which an individual may be found to be a person requiring treatment); see also MCL 330.1434(1). Because the probate court properly found respondent was a person requiring treatment under both MCL 330.1401(1)(a) and (c), it did not abuse its discretion by ordering that respondent receive mental health treatment. *In re Tchakarova*, 328 Mich App at 182.

Affirmed.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michelle M. Rick

-4-